UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Paul Sullivan,

        Plaintiff

v.

Encompass Health Rehabilitation Hospital of Las Vegas, LLC,

        Defendant

Case No. 2:24-cv-02328-CDS-MDC

**Order Granting in Part Defendant's Motion to Partially Dismiss**

[ECF Nos. 2, 10]

        This is an age and sex discrimination suit brought by plaintiff Paul Sullivan against defendant Encompass Health Rehabilitation Hospital of Las Vegas, LLC. *See* Am. compl., ECF No. 7. Encompass moves to partially dismiss the complaint. Mot., ECF Nos. 2, 10. For the following reasons, the first motion to dismiss count four (ECF No. 2) is denied as moot, and the second motion to dismiss count four (ECF No. 10) is granted in part.

**I.    Background[1]**

        Sullivan alleges that he was employed by Encompass from April 2017 until he was constructively discharged on October 3, 2023. ECF No. 7 at ¶ 7. Sullivan alleges that he was promoted to Chief Nursing Officer in September 2019 by a previous CEO of the company, but faced harassment and discrimination after a new CEO, Tij Von Nieda, became CEO and Sullivan's immediate supervisor in late 2019. *Id.* Sullivan alleges that up until March 2023, he received positive performance evaluations and no disciplinary action, but thereafter he faced increasing harassment based on his age. ECF No. 7 at ¶ 8. Ultimately, the harassment became unbearable. Sullivan alleges that Encompass treated him unequally and that Encompass pursued "deliberate strategy to 'manage [him] out' as an older worker." *Id.* at ¶ 9. Specifically, Sullivan

---

[1] Unless otherwise noted, the court only cites to Sullivan's first amended complaint (ECF No. 7) to provide context to this action, not to indicate a finding of fact.

alleges that Von Nieda, took actions to limit his ability to communicate in meetings, to do his job effectively, belittled him, and created a hostile work environment. *Id.* He further alleges that Von Nieda made false and unfounded accusations about him, and Von Nieda and Encompass knew the accusations were false, yet nonetheless placed him on a performance plan. *Id.* He also alleges Encompass permitted and encouraged female employees, who were under 40 years old, to engage in harassing behavior toward him that other employees not in his protected class were not subjected to. *Id.* at ¶ 9. Sullivan alleges harassment occurred almost daily over a period of several months. *Id.* As a result of the hostile work environment he became anxious, which Sullivan asserts was designed to coerce him into quitting. *Id.* He further alleges that, despite complaining about the harassing treatment and promises that his concerns would be addressed, Encompass did nothing to investigate nor promptly correct the discrimination. *Id.* at ¶ 10.

On October 3, 2023, Sullivan involuntarily resigned. Sullivan asserts that this was constructive discharge because no reasonable employee in his position would have continued in the employment under the circumstances imposed by Encompass. *Id.* at ¶¶ 12, 16.

On May 8, 2024, Sullivan filed the first charge against Encompass Health Rehabilitation of Las Vegas alleging age and sex discrimination. Charge of Discrimination Pl.'s Ex. 1, ECF No. 7 at 14.[2] Sullivan claims when he filed the charge, he relied on employees from the Equal Employment Opportunity Commission (EEOC) to draft the formal charges and to properly complete the forms. *Id.* He asserts that the employees did not include retaliation in the charge, however, retaliation was identified in the intake inquiry form. *Id.* at ¶ 18. Sullivan asserts that the information and allegations set forth in the intake inquiry are part of the EEOC charge for purposes of exhaustion and other administrative prerequisites. *Id.*

---

[2] Sullivan's improperly filed exhibits violate Local Rule IC 2-2, which requires that "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system. They must be attached as separate files." LR IC 2-2(a)(3). Future violations may result in sanctions such as striking the violative pleading.

Finally, Sullivan alleges that he engaged in protected activity by opposing unlawful discrimination and harassment in the workplace, and as a result, was retaliated against. *Id.* at ¶¶ 34, 37.

## II. Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III. Discussion

As a threshold matter, Encompass's first motion to dismiss was filed on December 13, 2024 (ECF No. 2), before Sullivan filed his FAC on December 27, 2024 (ECF No. 7). Because the FAC supersedes the complaint that the motion to partially dismiss is directed at, the motion is denied as moot. *See Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022). In Encompass's second motion to dismiss the FAC, it argues that Sullivan's retaliation claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Encompass argues that Sullivan fails to establish a prima facie claim of retaliation, noting the FAC does not plausibly allege the statutorily protected activity element. *See* ECF No. 10 at 4. Encompass further argues that Sullivan only offers a vague allegation that he complained to other executives and to the HR director about harsh and harassing treatment because of his age and sex. *Id.*

A plaintiff alleging retaliation must show the following: (1) the plaintiff engaged in a protected activity, such as the filing of a complaint alleging sexual harassment; (2) the employer subjected the plaintiff to an adverse employment action; and (3) a causal link between the protected activity and the adverse action. *Hardage v. CBS Broad., Inc*, 427 F.3d 1177, 1188 (9th Cir. 2006). Here, I find that Sullivan's plausibly alleged that he engaged in a protected activity. *See* ECF No. 10 at 5. The facts in the amended complaint provide that Sullivan "filed a complaint" with the defendant. *See* ECF No. 7 at ¶ 10; *see also Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) ("Protected activity includes the filing of a charge or a complaint, providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to oppose an employer's discriminatory practices." (citing 42 U.S.C. § 2000e-3(a)). Sullivan alleges that he complained about the unlawful harsh and harassing treatment that he was subjected to because of his sex and age, but nothing was done to investigate and promptly correct the discrimination and harassment. ECF No. 7 at ¶ 10. This is sufficient to establish the first element of a retaliation claim.

Sullivan also sufficiently pleads that Encompass subjected him to an adverse employment action. Throughout the FAC, Sullivan alleges that as a result of the discrimination he faced, his working conditions became unbearable, and that is what drove him to resign. *See* ECF No. 7 at ¶¶ 9–13, 15. Sullivan further asserts that due to his employer's actions, he was constructively discharged. *Id.* at ¶ 16. A constructive discharge is an adverse employment action. *See Jordan v. Clark*, 847 F.2d 1368, 1377 n.10 (9th Cir. 1988). A claim for constructive discharge has two elements. First, the plaintiff "must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016). Second, the plaintiff must show that he actually resigned. *Id.* Here, Sullivan alleges both requirements for constructive discharge, so the FAC sufficiently sets forth that Sullivan was subjected to an adverse employment action.

However, the FAC fails to sufficiently set forth the third element of a retaliation claim: the causal link is between the protected activity and adverse action. In other words, Sullivan does not explain how his "treatment became worse as a form of retaliatory harassment." *See* ECF No. 7 at ¶ 10. Although Sullivan details allegations as to sex and age harassment, the amended complaint and exhibits do not sufficiently establish any connection between Sullivan's reporting his treatment "to appropriate company officials consistent with company policy" and actions of retaliation that followed because of the reports. *See* ECF No. 7 at ¶¶ 34, 37. Though the FAC alleges that he was retaliated against because of his complaints of age and sex discrimination, the EEOC intake inquiry does not give any details regarding any sort of retaliation endured by Sullivan. Rather, Sullivan's charge states that "[a]s a CNO in a rehab hospital for 6.5 years, [Sullivan], a 54-year-old-male, have been subjected to retaliation, discrimination, and hostile work environment." EEOC Inquiry Pl.'s Ex. 2, ECF No. 7 at 19. This is insufficient to plead the casual link between the alleged discrimination and retaliation suffered as a result thereof. Accordingly, Encompass's motion to dismiss the fourth cause of action is granted.

However, because I find that the deficiencies of the complaint can potentially be cured by amendment, I dismiss the retaliation claim without prejudice and with leave to amend.

IV. Conclusion

IT IS HEREBY ORDERED that Encompass Health's motion to partially dismiss **[ECF No. 2] is denied as moot**, however its second motion to dismiss claim four **[ECF No. 10] is granted**. Claim four, retaliation, is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Sullivan elects to file an amended retaliation claim, he must file a Second Amended Complaint on or before October 3, 2025. Sullivan may not add any new claims or defendants.

Dated: September 18, 2025

_____
Cristina D. Silva
United States District Judge